The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON M. DELESSERT and CAROLINE CUMMINS, on their own behalf, and on behalf of all similarly situated individuals,

Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN, INC.,

Defendant.

NO. 2:24-cv-02087-JNW

PLAINTIFFS' MOTION TO COMPEL DISCOVERY

**Note on Motion Calendar:
August 27, 2026**

## I.   INTRODUCTION AND RELIEF REQUESTED

This case has been before the Court for over eighteen months. Plaintiffs served three sets of discovery, initiated *nine* discovery conferences, agreed to schedule extensions, and exchanged extensive correspondence to obtain information central to their claims and class certification. Despite these efforts, Defendant has failed to comply with its discovery obligations.

Defendant has interposed a wall of objections, including relevance, burden, and vagueness, to avoid producing information about its nationwide design and administration of hearing aid exclusions. Defendant repeatedly objected broadly, limited

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 1
(Case No. 2:24-cv-02087-JNW)

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

responses to Washington-specific materials from prior litigation, and resisted efforts to identify and produce nationwide information.

Plaintiffs have gone to extraordinary lengths to break this impasse. At Defendant's request, Plaintiffs clarified definitions and offered to begin with narrower temporal and substantive limits so that Plaintiffs could understand the types of information available, Defendant could assess its burden and the parties could work through disputes collaboratively. Defendant agreed to investigate the burden of responding to these narrowed requests and to report back. Three weeks later, at the parties' reconvened July 7, 2026 conference, Defendant offered virtually no information about what documents are available or what it would take to produce them. As of this filing, Defendant has still not provided any estimate of the time, expense, or volume of documents involved in responding to any contested request—even as narrowed.

A full and fair adjudication of this matter will not be possible without adequate discovery. Plaintiffs seek an order from this Court (1) compelling complete, *nationwide* responses to Interrogatory Nos. 7–9 and Requests for Production Nos. 4–7, 9–11, 14, 19, 21, 23, and 24, to which Defendant has interposed meritless objections and provided only partial responses limited to Washington-specific materials from prior litigation; and (2) setting a date certain by which Defendant must complete those responses and any production or supplementation it has promised.

## II.  FACTS

**A.    Status of the Case.**

This is a putative class action. Plaintiffs allege that Defendant engaged in disability discrimination in violation of the Affordable Care Act's anti-discrimination law, 42 U.S.C. § 18116, by designing and administering healthcare plans that exclude prescription hearing aids from coverage. The Complaint was filed on December 18, 2024 (ECF No. 1), and, complying with Court deadlines, the parties held a Federal Rule of Civil Procedure

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 2
(Case No. 2:24-cv-02087-JNW)

("Rule") 26(f) conference, resulting in the filing of the parties' joint status report and discovery plan. ECF No. 23. The Court set the trial date and related dates by Order on July 21, 2025. ECF No. 25.

On March 17, 2025, Defendant moved to dismiss this matter, arguing, in part, that it was not the proper defendant because one of its subsidiaries or affiliates had issued Plaintiffs plans. ECF No. 10. This Court denied Defendant's Motion to Dismiss on August 28, 2025, holding that the complaint "adequately alleges that [Defendant's] discriminatory design and administration of insurance plans, including those sold through a subsidiary, caused Plaintiff's injury," crediting Plaintiffs' allegation that Defendant "designs and administers health plans … that exclude all coverage for prescription hearing aids." ECF No. 29 at 5. This Court further found it "would strain belief for [Defendant], a national entity, to argue that it did not exercise some control over the actions of its state-specific subsidiary," and permitted Plaintiffs' claims on behalf of the putative class to proceed. *Id.* at 8. Plaintiffs amended their Complaint by leave of the Court on September 18, 2025.  ECF No. 38.

In December 2025, Defendant notified Plaintiffs that Defendant would be bringing on new counsel in this action and that new counsel should participate in any future decisions regarding the case. Solely to accommodate Kaiser, on December 30, 2025, the parties jointly moved this Court to continue the trial date and modify the case schedule. ECF No. 46. The Court granted the motion and set new dates for this matter, including a trial date of February 8, 2027, an expert disclosure deadline of July 10, 2026, a discovery cut-off of September 14, 2026, and a dispositive motion deadline of October 12, 2026. ECF No. 48.

Even with the first extension of the case schedule, Kaiser delayed producing broad discovery. *See infra*. Throughout 2025 and early 2026, the parties continued to work toward resolving outstanding discovery issues, but it soon became clear that Defendant

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 3
(Case No. 2:24-cv-02087-JNW)

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

would not produce sufficient discovery to move the case forward consistent with the deadlines in the amended schedule. Once again, to accommodate Kaiser's delay in discovery production, Plaintiffs proposed a brief extension of deadlines without moving the trial date, but Kaiser indicated it still needed more time. Ultimately, to address Defendant's request for continuance so that it could produce the requested discovery, Plaintiffs agreed to a joint motion seeking a seven-month delay of the trial date and associated deadlines; the Court granted that request on June 26, 2026. ECF No. 54. Plaintiffs then redoubled their efforts to complete discovery, but Defendant has resisted engaging fully with its obligations under the Rules, providing no explanation of its claimed "burden" and no timeline for further production.

**B.      Discovery Process.**

Plaintiffs served their first set of discovery on August 13, 2025, and Defendant answered on October 13, 2025. Declaration of Elizabeth Binczik ("Binczik Decl.") ¶¶2, 5, Exs. A, D. Plaintiffs served amended Requests for Admission and a second set of discovery on September 24, 2025, and Defendant answered the second set on October 24, 2025, but produced no new documents in response to Plaintiffs' 27 Requests for Production. *Id.* ¶¶4, 7, Exs. B–C, F. Instead of responding to this putative class action on a nationwide basis, Defendant limited its answers to the named Plaintiffs or to Washington-specific materials it had previously produced in *Schmitt v. Kaiser Foundation Health Plan of Washington*, No. 2:17-cv-1611-RSL (W.D. Wash.) while refusing to stipulate that the *Schmitt* materials applied to the nationwide class. *Id.* ¶¶5–7, 11–13 Exs. D–F, I.

The mismatch between the nationwide scope of Plaintiffs' claims and the limited scope of Defendant's responses has been the central subject of nine discovery conferences over more than eight months.

Plaintiffs opened the effort with an October 21, 2025 deficiency letter and the parties' first discovery conference on October 28, 2025, both directed at Defendant's

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 4
(Case No. 2:24-cv-02087-JNW)

failure to respond on a nationwide basis. *Id.* ¶¶6, 11–14, Ex. I. When Defendant would not identify witnesses or custodians with nationwide knowledge, Plaintiffs noticed a Rule 30(b)(1) deposition on November 4, 2025, to learn the scope of information Defendant controlled through its affiliates and subsidiaries. *Id.* ¶¶15–16, Ex. J. The parties met and conferred again on November 25, 2025; Defendant declined to offer deponents or dates, agreeing instead to produce certain documents in lieu of testimony. *Id.* ¶¶17–19.

After Defendant associated new counsel, the parties met and conferred a third time on January 23, 2026. There, Defendant made an important concession: it would no longer refuse to produce documents held by its subsidiaries or affiliate organizations on the ground that it lacked possession, custody, or control of them. *Id.* ¶21. Consistent with that concession, on February 12, 2026 Defendant began a rolling production that included more than 5,000 plan documents and partial claims data applicable to enrollees across the nine states where Defendant does business, demonstrating that nationwide production was feasible. *Id.* ¶22. Defendant did not, however, supplement its written answers to reflect the nationwide scope. *Id.*

Defendant's resistance to answering discovery on a nationwide basis continued through the fourth, fifth, and sixth discovery conferences. On February 23 and March 9, 2026, Plaintiffs pressed Defendant on supplementing its written answers and on a Rule 30(b)(6) deposition addressing Defendant's relationship with the affiliates and third-party administrators that design and administer its hearing aid exclusions nationwide. *Id.* ¶¶23–25. By the sixth conference, on April 9, 2026, Plaintiffs identified continuing deficiencies in Defendant's responses, including incomplete responses, reliance on *Schmitt* materials, and its refusal to identify witnesses relevant to nationwide claims. *Id.* ¶¶26–27, Ex. K.

On May 8, 2026, Defendant supplemented certain answers, but the supplementation maintained its possession-custody-control objection and an objection

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 5
(Case No. 2:24-cv-02087-JNW)

Sirianni Youtz
Spoonemore Hamburger PLLC
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Tel. (206) 223-0303   Fax (206) 223-0246

based on the pre-class-certification posture of the case, gave no supplemental answer to the long-promised amended Requests for Admission, and continued to assert relevance, vagueness, and burden objections to nearly every request. *Id.* ¶8, Exs. G–H. Plaintiffs wrote on June 3, 2026 to address these deficiencies and warned that they would move to compel. *Id.* ¶28, Ex. L.

At the seventh conference, on June 12, 2026, Defendant confirmed two threshold points that removed major categorical objections: it was not standing on a blanket possession-custody-control objection as to documents held by its subsidiaries and affiliates, and it did not contend that class-wide discovery is improper at this pre-class-certification stage. Declaration of Jeremiah Miller ("Miller Decl.") ¶5. Those concessions left Defendant's interrelated relevance, burden, and vagueness objections as the parties' remaining dispute.

By letter on the same date, shortly before the conference, Defendant's indicated that it could not "provide precise estimates of the time, expense, or volume of documents required to respond when Plaintiffs' requests are drafted so broadly that the scope of any required search cannot be determined" because "Plaintiffs have not sought to narrow or explain their requests, nor have they engaged in good-faith negotiation regarding the proper scope of the vast majority of these requests." *Id.* at ¶4, Ex. A.

At the eighth conference on June 17, 2026, Plaintiffs took Defendant at its word; Plaintiffs clarified definitions and offered to begin with four discrete time periods and with plan-level documents rather than individual claims files, so the parties could evaluate what existed and assess the claimed burden. *Id.* ¶¶6, 8, Ex. B. Defendant agreed to investigate and report back. *Id.* ¶6.

At the ninth conference, on July 7, 2026, Defendant did not deliver. It offered no estimate of the time, expense, or volume of documents required to respond to any narrowed request. *Id.* ¶7.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 6
(Case No. 2:24-cv-02087-JNW)

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Plaintiffs have sought nationwide discovery into Defendant's design, implementation, and administration of its hearing aid exclusions since October 2025; Defendant has resisted that discovery from the very start. Defendant continues to fail to identify (1) the specific burden the discovery imposes; (2) what can be done to address the burden and (3) when any of the document production will begin. The parties have reached an impasse on Interrogatory Nos. 7–9 and Request for Production ("RFP") Nos. 4–7, 9–11, 14, 19, 21, 23, and 24. *See id.* ¶9, Ex. C (summary chart of disputed discovery requests).

### III.  ARGUMENT

**A.     Legal Standard.**

Parties may obtain discovery about any matter, so long as it is not privileged and it is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible. Modern discovery under Rule 26 "is necessarily broad in scope in order to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Amaraut v. Sprint/United Mgmt. Co.*, No. 3:19-cv-411-WQH-AHG, 2020 U.S. Dist. LEXIS 7558, at *9 (S.D. Cal. Jan. 14, 2020) (citation modified). The party opposing discovery has a "heavy burden" to show why discovery should be denied, and the burden consists of "clarifying, explaining, and supporting its objections." *Thompson v. Seattle Pub. Sch.*, No. 2:25-cv-00468-TL, 2026 U.S. Dist. LEXIS 75939, at *1–2 (W.D. Wash. Apr. 6, 2026) (citation modified) (citing, *inter alia*, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

**B.     Defendant's Relevance Objections Are Without Merit.**

Plaintiffs' discovery requests fit comfortably within the broad confines of Rule 26. Requests about plan design and implementation, including implementation of the Hearing Aid Exclusion (ROG No. 7, RFP Nos. 6–7, 9–11, 14, 19, 21, 23–24), and requests about the contents of plans (ROG Nos. 8–9, RFP Nos. 4–5, 11, 19, 21), go to the heart of

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 7
(Case No. 2:24-cv-02087-JNW)

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

Plaintiffs' allegation that Defendant "has discriminated against Plaintiffs and the members of the proposed classes on the basis of disability in violation of" the Affordable Care Act by Defendant's "design and administration of the Hearing Aid Exclusion." ECF No. 38, at ¶¶126, 136. The nature of the plans designed and administered by Defendant is key to Plaintiffs' claims and clearly falls within the ambit of Rule 26. Because Plaintiffs' claims are brought on behalf of a putative nationwide class, discovery bearing on the design and administration of the Hearing Aid Exclusion across Defendant's plans is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

To the extent Defendant now re-casts its relevance objections as being applied to the substance of the discovery requests, those requests are clearly relevant. Defendant's intent and justification for the Exclusion are also directly relevant. Facial benefit-design discrimination, alleged by Plaintiffs (ECF No. 38, ¶¶64–75, 108), "inherently involves intentional conduct…." *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945, 954 (9th Cir. 2020); *see* ECF No. 38 at ¶27 (Plaintiffs allege that Defendant failed to reexamine the Exclusion when the ACA's anti-discrimination requirements took effect, amounting to "thoughtless indifference" or "benign neglect."). Discovery into Defendant's design and justifications for the Exclusion goes to the heart of that intent.

Interrogatory No. 7[1] and RFP Nos. 6–7, 9–11, 14, and 23–24[2] seek Kaiser's reasons for the Exclusion and the documents underlying its design, adoption, and maintenance.

---

[1] Seeking facts supporting or undermining Defendant's Hearing Aid Exclusion.

[2] Seeking documents concerning: actuarial, cost and other information relied on in designing, adopting, and maintaining the Exclusion; changes to the Exclusion over time; the decision to cover cochlear implants and bone anchored hearing aids but not air-conduction hearing aids; and industry standards.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 8
(Case No. 2:24-cv-02087-JNW)

Interrogatory Nos. 8–9[3] and RFP Nos. 4–5, 11, 19, and 21[4] concern the design and operation of the Exclusion across Defendant's plans.

These requests bear directly on Defendant's design and administration of the plans at issue here, as well as its intent and the proxy "fit" between the Exclusion and hearing disability. ECF No. 38, ¶¶64–75. These discovery requests are all well within Rule 26; Defendant's relevance objections should be overruled.

**C.    Defendant Has Not Shown that Plaintiffs' Requests Are Overbroad or Unduly Burdensome.**

Defendant objects that RFP Nos. 4–7, 9–11, 14, 19, 21, 23, and 24 are overbroad, unduly burdensome, or disproportionate to the needs of the case.[5] These objections fail for three independent reasons: they lack the required specificity, Defendant has not quantified its burden despite repeated opportunities, and Plaintiffs' preliminary narrowing efforts have gone unreciprocated.

**1.    *Defendant's Burden Objections Lack the Required Specificity.***

Many of Defendant's burden objections are insufficiently specific and therefore waived. Fed. R. Civ. P. 34(b)(2)(B); *see Robison v. Allstate Fire & Cas. Ins. Co.*, No. 23-cv-216, 2024 U.S. Dist. LEXIS 58362, at *3 (W.D. Wash. Mar. 29, 2024) ("where the responding party provides a boilerplate or generalized objection, the objections are inadequate and tantamount to not making any objection at all.") (citation modified). For example, Defendant objects to RFP No. 9 as "overbroad and unduly burdensome" without any

---

[3] Probing whether Defendant covers hearing evaluations, and any Defendant committee review of hearing aid coverage or medical necessity.

[4] Seeking documents concerning: exemplar plans; communications about the Exclusion, changes to it, hearing riders; and internal evaluations of the Exclusion including discriminatory impact.

[5] In its supplemental answers on May 8, 2026, Defendant raised many new objections to individual requests. Binczik Decl. at ¶9. Objections to those discovery requests were due on October 24, 2025; Defendant has waived these objections by failing to raise them for an additional six months. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). The Court should overrule these objections.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 9
(Case No. 2:24-cv-02087-JNW)

indication of what makes it so; and raises similarly non-specific objections across the contested requests. Binczik Decl. at ¶8, Exs. G–H (RFP Nos. 4, 6, 9, 10, 23, and 24). These boilerplate recitations do not satisfy Defendant's obligation to "clarify, explain, and support its objections." *Thompson*, 2026 U.S. Dist. LEXIS 75939, at *2 (citation modified). They should be overruled.

**2.    *Defendant Has Refused to Quantify its Burden, Even for Plaintiffs' Narrowed Requests.***

To sustain a burden objection, a "defendant must provide sufficient detail regarding the time, money and procedures required to produce the requested documents;" an assertion "that production of documents will be time consuming and expensive is not ordinarily a sufficient reason" to refuse to respond. *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015) (citation modified). Defendant has provided no such detail despite every opportunity to do so.

In its June 12, 2026 letter, Defendant said it could not estimate burden unless Plaintiffs clarified the scope of their requests. Miller Decl. at ¶4, Ex. A.  Plaintiffs took Defendant at its word. At the June 17, 2026 conference, Plaintiffs clarified definitions and offered to begin with four discrete time periods and to start with plan-level documents applicable generally to participants, rather than individual claims materials or one-off communications. *Id.* ¶¶6, 8. Plaintiffs' proposed preliminary limitations sought nothing broader than the time periods and materials specified in the requests themselves. *Id.* Defendant agreed to investigate the scope and burden of responding to the narrowed requests and to report back within two weeks. *Id.*

At the July 7, 2026 conference, Defendant provided virtually no scope or burden information. It did not identify the types of documents available in response to the narrowed requests or provide any estimate of time, expense, or volume, stating only that "many people would have to be contacted" and that it needed another two to three

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 10
(Case No. 2:24-cv-02087-JNW)

weeks. *Id.* ¶7. As Plaintiffs explained, the burden of investigating the burden cannot itself be a reason to refuse to respond. *Id.*

As of this filing, Defendant still has not provided any estimate of the time, expense, or volume of documents required to respond to any contested request, even as narrowed. *Id.* at ¶¶11–12, Ex. E. Defendant cannot simultaneously resist discovery on burden grounds and decline to identify what that burden is. *Shaw*, 306 F.R.D. at 301–302; *see Doe v. Trump*, 329 F.R.D. 262, 271–272 (W.D. Wash. 2018) (rejecting defendant's blanket statement of burden, and its assertion that it would have to assign more personnel to work on discovery requests as sufficient explanations of alleged burden); *see also Compass, Inc. v. Nw. Multiple Listing Serv.*, No. 2:25-cv-00766-JNW, 2026 U.S. Dist. LEXIS 124091, at *3–4 (W.D. Wash. June 4, 2026) ("an objection that production would be burdensome must be proven by admissible evidence showing something more than that the production will involve some expense and/or will be time consuming.") (citation modified). The only remaining precondition to quantifying Defendant's burden is Defendant's own diligence, and its delay in investigating its own systems cannot justify denying Plaintiffs discovery to which they are entitled.

### 3. *Defendant's Production History and Organizational Chart Undermine its Claims.*

Defendant's own production undermines any claim that nationwide production is inherently too burdensome. Beginning in February 2026, Defendant produced more than 5,000 plan documents for plans applicable to enrollees across the country, along with nationwide claims data and nationally applicable clinical review criteria. Binczik Decl. at ¶22. This shows that Defendant can collect and produce documents nationwide when it makes a reasonable inquiry. *See Klein, Inc. v. Bd. of Trs. of the Alaska Elec. Health & Welfare Fund*, No. 3:16-cv-00098-SLG, 2017 U.S. Dist. LEXIS 219627, at *6 (D. Alaska Dec. 21, 2017) (requiring production where a party's claimed inability was at odds with its prior production).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 11
(Case No. 2:24-cv-02087-JNW)

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Defendant's own organizational chart, produced in this litigation, confirms that the universe of relevant entities is finite and readily identifiable. *See* Miller Decl. ¶10, Ex. D. Kaiser Foundation Health Plan, Inc. directly operates health plans in three regions and sits atop approximately six regional subsidiaries or affiliates, the entities that design and administer the hearing aid benefits at issue. *Id.* Defendant's claim that evaluating burden would require inquiries across "dozens of non-party corporate entities" and "multiple disparate organizations" (*id.* ¶4, Ex. A) is belied by this chart. The relevant entities are Defendant's own subsidiaries and affiliates, depicted on a single page of its own production. Contacting fewer than ten regional health plan entities is ordinary discovery in a nationwide class action against a national entity like Defendant. Defendant has had ample time to make these inquiries and has offered no explanation for its failure to do so.

Accordingly, Defendant has not carried its heavy burden to show that responding would be unduly burdensome or overbroad. These objections should be overruled and Defendant ordered to fully respond.

## D.    Defendant's Vagueness Objections Are Without Merit.

Defendant objects to a variety of discovery requests on the ground that some element of the request is vague or ambiguous, including Interrogatory Nos. 8–9 and RFP Nos. 4, 6, 7, 11, 14, 21, 23, and 24. *Id.* ¶9, Ex. C; Binczik Decl. at ¶8, Exs. G–H. First, to the extent any term is arguably ambiguous, "[a] responding party must apply reason and common sense to assign ordinary meaning to the terms and phrases used in discovery requests." *Pac. Landscape Mgmt., Inc. v. Pac. Landscape Mgmt., LLC*, No. 2:23-cv-01005-JHC, 2025 U.S. Dist. LEXIS 130485, at *8 (W.D. Wash. July 9, 2025). Terms like "covers hearing evaluations" (Interrogatory No. 8) and "hearing aid medical devices" (RFP No. 23) have ordinary, commonly understood meanings, and Defendant cannot label clear terms "vague" to avoid its discovery obligations.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Even if the challenged terms were genuinely ambiguous, Plaintiffs have made extensive efforts to clarify them. Plaintiffs' October 21, 2025 letter defined a number of terms, Binczik Decl. at ¶11, Ex. I, and Plaintiffs provided further clarification at the June 17 and July 7, 2026 conferences. Miller Decl. ¶8, Ex. B.

As to "Hearing Aid Exclusion," repeatedly identified by Defendant as vague, Plaintiffs relied on the Complaint's definition and clarified that they seek documents concerning decisions whether to cover hearing aids and related exams, and how the Exclusions are administered. ECF No. 38 at ¶¶11, 18.

As to "base health plan" (Interrogatory No. 9), Defendant has now accepted Plaintiffs' narrowing of the term to plans covering the minimum benefits required by the ACA and state law, resolving any claimed ambiguity. In any event, Defendant used the analogous "base benefit plan" in its own *Schmitt* interrogatory responses. Binczik Decl. at ¶6, Ex. E.

Finally, Defendant's claim that it cannot determine which entities are encompassed by Plaintiffs' requests is refuted by its own corporate organizational chart. *See* Miller Decl. ¶10, Ex. D. That chart identifies by name each of Defendant's subsidiaries or affiliates. *Id.* Defendant's professed inability to determine which of its entities are covered by the term "Kaiser" or by references to Defendant's "health plans" is difficult to credit when its own production identifies these entities on a single page.

Defendant's vagueness objections should be overruled.

**E.    Defendant's Open-Ended Promises to "Supplement" Set No Deadline and Do Not Defeat this Motion.**

Throughout the parties' correspondence, and again in its July 28, 2026 letter, Defendant has repeatedly stated that it "will supplement" its responses, or will "produce responsive materials to the extent they are identified," "as its investigation progresses." *Id.* ¶11, Ex. E. Defendant makes such open-ended commitments as to nearly every request at issue and yet attaches a date to none of them. *Id.* ¶9, Ex. C. As to RFP No. 21, Defendant

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 13
(Case No. 2:24-cv-02087-JNW)

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

states only that it "will produce a privilege log" for any privileged-but-responsive materials, without saying when. *Id*. ¶11, Ex. E. Its promised production of supplemental claims and enrollment data is likewise indefinite, tied only to the completion of an "ongoing investigation" of unstated duration. *Id*.

An open-ended promise to supplement at some unspecified future point is not a discovery response. The Rules require a responding party to produce responsive materials or specify a reasonable time for doing so, Fed. R. Civ. P. 34(b)(2)(B), and to supplement its responses "in a timely manner," Fed. R. Civ. P. 26(e)(1)(A). Defendant may not indefinitely defer those obligations by invoking a perpetual investigation of its own records and systems; nor does a standing offer to keep conferring suffice, where, after nine conferences over more than eight months and Plaintiffs' narrowing of their requests at Defendant's express invitation, Defendant has produced neither the requested discovery, nor information sufficient to evaluate burden, nor any date by which it will do so.

Plaintiffs therefore ask the Court not only to overrule Defendant's objections, but to set a date certain by which Defendant must complete its responses and any promised supplementation. Absent a court-ordered deadline, Defendant's commitments impose no enforceable obligation and leave Plaintiffs unable to move this matter forward within the operative schedule.

## IV. CONCLUSION

For the foregoing reasons, this Court should compel Defendant to fully respond to Interrogatory Nos. 7–9 and Requests for Production Nos. 4–7, 9–11, 14, 19, 21, 23, and 24. The Court should set a date certain, 30 days from entry of its order, by which Defendant must serve responses and complete promised supplementation and production, and provide a privilege log for any responsive documents withheld under RFP No. 21.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 14
(Case No. 2:24-cv-02087-JNW)

DATED:  August 6, 2026.

*I certify that the foregoing contains 4,183 words, in compliance with the Local Civil Rules.*

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

 */s/ Jeremiah Miller*
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
Jeremiah Miller (WSBA #40949)
Ari Robbins Greene, of Counsel (WSBA #54201)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303
ehamburger@sylaw.com
rspoonemore@sylaw.com
jmiller@sylaw.com
arobbinsgreene@sylaw.com

NICHOLS KASTER, PLLP
Anna P. Prakash (Admitted *Pro Hac Vice*)
Brock J. Specht (Admitted *Pro Hac Vice*)
Elizabeth M. Binczik (Admitted *Pro Hac Vice*)
80 S. Eighth Street, Suite 4700
Minneapolis, MN 55402
Tel. (877) 344-4628
aprakash@nka.com
bspecht@nka.com
ebinczik@nka.com

**Attorneys for Plaintiffs**

PLAINTIFFS' MOTION TO COMPEL DISCOVERY – 15
(Case No. 2:24-cv-02087-JNW)