The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON M. DELESSERT and CAROLINE CUMMINS, on their own behalf, and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendant. | No. 2:24-cv-02087-JNW<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>**Note on Motion Calendar:**<br>**August 27, 2026** |



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

## TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ....................................................................................... 3

II. BACKGROUND ........................................................................................ 4

A. THE PARTIES AND LITIGATION ..................................................... 4

B. KAISER'S PRODUCTIONS AND NEGOTIATIONS WITH PLAINTIFFS ................................................................................... 5

III. LEGAL STANDARD .................................................................................. 11

IV. ARGUMENT ............................................................................................ 12

A. PLAINTIFFS' MOTION IS UNNECESSARY AND PREMATURE .......... 12

B. PLAINTIFFS' REQUESTS REMAIN OVERBROAD AND UNDULY BURDENSOME. ............................................................ 15

V. CONCLUSION .......................................................................................... 19



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldapa v. Fowler Packing Co. Inc.*,
310 F.R.D. 583 (E.D. Cal. 2015) .......... 15

*Amaraut v. Sprint/United Mgmt. Co.*,
No. 3:199-cv-411-WQH-AHG, 2020 U.S. Dist. LEXIS 7558 (S.D. Cal. Jan. 14, 2020) .......... 16

*Becker v. TIG Ins. Co.*,
No. 3:21-cv-05185-JHC, 2022 U.S. Dist. LEXIS 193508 (W.D. Wash. 2022) .......... 15

*Cojocaru v. Merck Sharp & Dohme LLC*,
No. 24-CV-1770-W-KSC, 2025 U.S. Dist. LEXIS 148451 (S.D. Cal. Aug. 1, 2025) .......... 15

*Compass, Inc. v. Nw. Multiple Listing Serv.*,
No. 2:25-cv-00766-JNW, 2026 U.S. Dist. LEXIS 124091 (W.D. Wash. June 4, 2026) .......... 16

*In re Convergent Techs. Sec. Litig.*,
108 F.R.D. 328 (N.D. Cal. 1985) .......... 14

*Cotracom Commodity Trading Co. v. Seabord Corp.*,
189 F.R.D. 456 (D. Kan. 1999) .......... 12

*Jensen v. BMW of N. Am., LLC*,
328 F.R.D. 557 (S.D. Cal. 2019) .......... 11, 15

*Klein, Inc. v. Bd. of Trs. of the Alaska Elec. Health & Welfare Fund*,
No. 3:16-cv-00098-SLG, 2017 U.S. Dist. LEXIS 219627 (D. Alaska Dec. 21, 2017) .......... 18

*Laughlin v. Allstate Prop. & Cas. Ins. Co.*,
No. 2:22-CV-756-JCC-DWC, 2023 U.S. Dist. LEXIS 36091 (W.D. Wash. Mar. 3, 2023) .......... 14

*Mailhoit v. Home Depot U.S.A., Inc.*,
285 F.R.D. 566 (C.D. Cal. 2012) .......... 12, 19



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

*Shaw v. Experian Info. Sols., Inc.*,
306 F.R.D. 293 (S.D. Cal. 2015) ... 16

*Sweeney v. ManorCare Health Servs., Inc.*,
No. C03-5320 RJB, 2005 U.S. Dist. LEXIS 52624 (W.D. Wash. Sept 23, 2005) ... 15

*Thompson v. Seattle Public Schools*.,
No. 2:25-cv-00468-TL, 2026 U.S. Dist. LEXIS 75939, at *13 –14 (W.D. Wash. Apr. 6, 2026) ... 14

*United States v. Harold*,
734 F. Supp. 3d 1102 (D. Ore. 2024) ... 13

**Statutes**

Affordable Care Act Section 1557, 42 U.S.C. § 18116 ... 4

**Other Authorities**

*Fast Facts*, Kaiser Permanente, https://about.kaiserpermanente.org/who-we-are/fast-facts (last accessed on Aug. 21, 2026) ... 4

Fed. R. Civ. P. 26(b)(2)(C)(iii) ... 11

Fed. R. Civ. P. (b)(2)(C)(iii) ... 15

Federal Rule of Civil Procedure 26(b)(1) ... 11, 15

Local Civil Rule 37(a)(1) ... 11, 13

Rule 3.1 ... 11, 13



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

## I. INTRODUCTION

Defendant Kaiser Foundation Health Plan, Inc. ("Defendant" or "Kaiser") respectfully submits this Opposition to Plaintiffs' Motion to Compel Discovery (the "Motion"), ECF No. 55.

Plaintiffs seek to evade their obligation to negotiate in good faith with Kaiser to effect reasonable discovery and narrow the issues in dispute. Plaintiffs' Motion ignores the progress made so far in discovery and requests an unworkable order that would compel responses and productions of *all* documents responsive to their impossibly broad requests within thirty days. *See* Mot. at 14.

Plaintiffs falsely portray Kaiser as resisting discovery at every turn. Kaiser has responded substantively to most requests, made numerous large document and data productions, and agreed to supplement responses, provided Plaintiffs clarify and narrow their requests. Plaintiffs also raise non-existent disputes—attacking Kaiser's initial objection to producing discovery possessed by its subsidiaries and affiliates despite conceding Kaiser dropped that objection nearly seven months ago, and faulting Kaiser for not producing a privilege log when it has not withheld any documents for privilege.

In fact, Kaiser has already produced 6,267 documents amounting to 668,563 pages, and millions of lines of claims data covering all nine states and eight regions in which its affiliated health plans operate over a period of nearly six years. Leff Decl. ¶¶ 6–13. Kaiser is also dedicating significant resources to compiling and producing millions of additional



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

data points Plaintiffs requested and conducting an extensive investigation to identify other responsive documents and information. *Id.* ¶¶ 25–27. Rather than cooperating to narrow their sweeping requests so Kaiser can better identify responsive materials, Plaintiffs abandoned the meet-and-confer process and filed this Motion. The Motion should be denied, and the Court should direct Plaintiffs to narrow the scope of each disputed request not already rendered moot by Kaiser's productions and commitments to produce.

## II. BACKGROUND

### A. The Parties and Litigation

Kaiser is one of the nation's largest not-for-profit managed care organizations. Together with its subsidiaries and affiliates, Kaiser serves 12.9 million members and employs over 225,000 people. *See Fast Facts*, Kaiser Permanente, https://about.kaiserpermanente.org/who-we-are/fast-facts (last accessed on Aug. 21, 2026). Kaiser does not itself insure or administer any health plan; its subsidiaries and affiliates offer health plans to individuals, employers, and governments across nine states and Washington, DC. *See id.*; Def.'s Mot. to Dismiss, ECF No. 10, at 13–14. Kaiser subsidiaries also act as third-party administrators for health plans offered by self-insured employers.

Two individual members of health plans administered or issued by Kaiser's Washington and Northwest subsidiaries filed this putative class action asserting a single cause of action under Section 1557 of the Affordable Care Act ("ACA"), 42 U.S.C. § 18116.



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

*See generally* Am. Compl., ECF No. 38. Plaintiffs seek to certify two classes consisting of members of all health plans offered by Kaiser's subsidiaries, affiliates, and self-insured employer customers, and across almost every line of business Kaiser offers, including commercial and government-funded plans. *See* Am. Compl. ¶¶ 109–111. Their complaint alleges that Kaiser discriminates against the hearing disabled because, like Medicare and almost every other health plan in America, some health plans offered by its subsidiaries and affiliates exclude or limit coverage for air conduction hearing aids. *See* Am. Compl. ¶¶ 9, 11, 16–17, 19, 29, 59.

### B. Kaiser's Productions and Negotiations with Plaintiffs

The discovery requests at issue in the Motion—Plaintiffs' Interrogatories Nos. 7–9 and Requests for Production ("RFPs") Nos. 4–7, 9–11, 14, 19, 21, 23, and 24—seek not only information and documents concerning Kaiser's subsidiaries', affiliates', and customers' adoption of and justification for plan designs that omit hearing aid coverage, but a broad swath of ancillary information regarding the implementation, administration, communication, and maintenance of the so-called "Hearing Aid Exclusion" and coverage of other hearing-related products and services across almost all Kaiser-affiliated health plans nationwide.[1] Most of the requests demand "*all* documents" concerning the broad topics addressed, and very few are limited to specific time periods.

[1] Plaintiffs exclude Medicare Advantage plans from their complaint but otherwise include all commercial and government lines of business. *See* Am. Compl. ¶¶ 110–111.



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

Kaiser has diligently engaged with Plaintiffs regarding their requests, including many not raised in the Motion. It has produced thousands of plan documents detailing hearing aid coverage and enormous amounts of claims data for hearing aids and other goods and services, as requested by Plaintiffs. It is currently working to produce additional extensive data sets. And it has engaged with Plaintiffs through numerous discovery conferences and extensive correspondence to attempt to clarify and narrow the requests on which Plaintiffs now move so that Kaiser might identify, collect, and produce the discovery Plaintiffs seek.

The requests addressed in Plaintiffs' Motion were included in their First Set of Discovery Requests, served on August 13, 2025, fifteen days before Kaiser's motion to dismiss was denied.[2] ECF No. 56-1, Ex. A. Over a month later, Plaintiffs amended their complaint. ECF No. 38. Kaiser responded on October 13, 2025, providing substantive responses to several interrogatories. ECF No. 56-4, Ex. D. Those responses included information learned during the *Schmitt* litigation that likely applied to other Kaiser affiliates. Kaiser supplemented its responses on May 8, 2026. ECF No. 56-7, Ex. G.

On March 17, 2026, Kaiser produced 5,360 evidence of coverage ("EOC") and related plan documents for almost all Kaiser-related plans offered during the class period. Leff Decl. ¶ 7; Ex. 2. It produced additional EOCs for Medicaid plans on April 23,

---

[2] Plaintiffs have since issued two additional sets of discovery requests, neither of which are at issue in their Motion.



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

2026, and hearing services riders on May 13, 2026. Leff Decl. ¶¶ 11-12; Ex. 4[3] (2026-04-23 production letter); Ex. 7 (2026-05-13 production letter). As Kaiser told Plaintiffs on multiple occasions, those EOCs are the best source of much of the information Plaintiffs seek. *See, e.g.*, ECF No. 57-5, Ex. E, at 3-6, 8. The produced plan documents respond in whole or part to several of the requests at issue in the Motion, including Interrogatory No. 8 (asking "whether Kaiser covers hearing evaluations for diagnostic purposes"), RFP No. 4 (communications to enrollees regarding coverage and the ACA's non-discrimination provisions), RFP No. 5 (documents describing the "Hearing Aid Exclusion"), RFP No. 9 (documents relied upon to "administer[] or maintain the 'Hearing Aid Exclusion'"), RFP No. 11 (documents related to changes in Kaiser's Hearing Aid Exclusion), and RFP No. 19 (documents related to changes in Kaiser's Hearing Loss Exclusion). *See* ECF No. 56-1, Ex. A; *see also* ECF No. 57-5, Ex. E, at 3-6, 8. Kaiser also produced millions of lines of data on April 20, 2026, detailing all claims paid or denied for hearing aids and other hearing-related products and services across Kaiser's affiliates' fully-insured health plans. Leff Decl. ¶ 10; Ex. 3 (2026-04-20 production letter). Plaintiffs requested supplemental claims data on May 19, 2026, which Kaiser produced on August 4, 2026. Leff Decl. ¶ 13; Ex. 8 (2026-08-04 production letter). On April 23, May 22, and June 22, 2026, Kaiser also produced clinical review criteria documents responsive

---

[3] All numbered Exhibits refer to exhibits attached to the Declaration of Daniel Leff, filed concurrently with this Opposition.



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

to RFP No. 22. Leff Decl. ¶ 11; Ex. 4; Ex. 5 (2026-05-22 production letter); Ex. 6 (2026-06-22 production letter).

Kaiser has also engaged in an extensive meet-and-confer process with Plaintiffs' counsel, seeking to understand Plaintiffs' discovery priorities and resolve disputes in good faith. Kaiser has made meaningful concessions through that process. As Plaintiffs acknowledge, Kaiser agreed on January 23, 2026 not to stand on a categorical possession, custody, and control objection to producing materials in the possession of Kaiser's subsidiaries and affiliates. *See* Mot. at 5. Kaiser also agreed not to limit its responses to materials related to the named Plaintiffs and to include discovery relevant to the putative classes. Leff Decl. ¶ 4.

During seven discovery conferences between January 23 and April 9, 2026, Plaintiffs focused on Kaiser's production of EOCs, claims and enrollment data, and clinical review criteria. Leff Decl. ¶ 5. On April 15, 2026, Plaintiffs sent a letter demanding those materials and supplementation of Kaiser's initial disclosures to identify witnesses with knowledge of clinical review criteria. ECF No. 56-11, Ex. K. In response, Kaiser produced the requested plan documents, clinical review criteria, and extensive data sets, and it supplemented its initial disclosures and written discovery responses on May 8, 2026. *See* Leff Decl. ¶¶ 9–14; ECF No. 56-7, Ex. G; ECF No. 56-8, Ex. H; Ex. 9 (2026-05-08 Kaiser's Supplemental Initial Disclosures). Kaiser also engaged in a months-long process to compile additional plan enrollment data. Kaiser has now either produced or is



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

collecting all categories of materials requested in those conferences and Plaintiffs' April 15 letter.

Plaintiffs first raised their disputes with Kaiser's remaining objections to the discovery requests at issue in the Motion through a letter sent June 3, 2026. ECF No. 56-12, Ex. L. Kaiser responded to that letter on June 12, 2026, detailing the reasons for its objections, including that "Plaintiffs' requests are drafted so broadly that the scope of any required search cannot be determined." ECF No. 57-1, Ex. A, at 5. The parties then held three discovery conferences, on June 12, June 17, and July 7, 2026. Leff Decl. ¶ 16; ECF No. 57, Miller Decl. ¶¶ 5-7.

There, Kaiser explained the difficulty of responding to Plaintiffs' overbroad requests, particularly because each of Kaiser's subsidiaries and lines of business is structured differently and operates with considerable autonomy, so information relevant to one geographic market and business line often does not apply to any other. Leff Decl. ¶ 17. Kaiser also explained that responsive documents may be held by numerous different entities, divisions, and people, depending on the market, business line, and type of document requested. *See id.* Kaiser therefore sought clarification and narrowing of Plaintiffs' requests. For example, RFP No. 5 requests "*all* documents created by or for Kaiser that describe, explain, or otherwise relate to the 'Hearing Aid Exclusion,'" including, "*but [] not limited to* training manuals, policy manuals, information sheets, internal memoranda, meeting minutes, policy positions, information sheets, internal memoranda, meeting minutes, policy positions, committee reviews, notes,



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

correspondence, implementation plans, research, reports, analyses, and studies . . . ." ECF No. 56-1, Ex. A, at 12 (emphasis added). Most requests also fail to specify any relevant time period. *See generally* ECF No. 56-1, Ex. A. Plaintiffs offered minimal additional specification, conceding that they do not seek communications with specific Kaiser members and that the relevant time period could *initially* be limited to periods including "the implementation of the Hearing Aid Exclusion[,] the decision to cover hearing aids[,] the implementation of the ACA[, and] from 2022 to the present."[4] ECF No. 57-2, Ex. B, at 2–3. They also agreed not to immediately require wholesale custodial document collections but would not actually commit to so limit their requests at this time. Leff Decl. ¶ 18.

Despite Plaintiffs' refusal to meaningfully narrow their requests, Kaiser committed to continue investigating the existence and accessibility of potentially responsive materials for production and further discussion regarding the proper scope of discovery. *See generally* ECF No. 57-5, Ex. E. At Plaintiffs' request, Kaiser's counsel estimated when that investigation might return additional information but cautioned that the breadth of the requests, complexity of Kaiser's operations, and ongoing nature of the investigation made it impossible to commit to a specific date. Leff Decl. ¶ 23. Nine days after the last discovery conference, Plaintiffs nevertheless demanded productions

[4] This "concession" in fact broadened the time period for the few requests for which Plaintiffs had originally specified a time period. *See, e.g.*, ECF No. 56-4, Ex. D, at 30 (RFP No. 11, seeking "all documents related to changes in Kaiser's Hearing Aid Exclusion since 2019.").



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

and responses on several requests—including most but not all requests addressed in their Motion—and threatened a motion to compel should Kaiser not comply within twelve days. ECF No. 57-2, Ex. B, at 32. Kaiser responded on July 28, 2026, elaborating on the difficulties posed by Plaintiffs' requests, the productions already made, additional responsive information, and the efforts it was continuing to make to determine its ability to respond or produce additional information, documents, and data. ECF No. 57-5, Ex. E. Meanwhile, Kaiser continued its search. Rather than working with Kaiser to appropriately narrow their requests or await additional productions, Plaintiffs filed the Motion a week later, six months before the close of discovery. The Motion reverses the minimal concessions Plaintiffs have made, asking the Court to compel "full" responses and productions on the requests as written. *See* Mot. at 14.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) limits discovery to materials relevant to any party's claim or defense, taking into account the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Purported relevance alone is not a sufficient basis for compelling production where the burden or expense outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 560 (S.D. Cal. 2019). Local Civil Rule 37(a)(1) and Judge Whitehead's Chambers Procedures Rule 3.1 require the moving party to demonstrate that it engaged in a genuine good-faith effort to resolve discovery disputes



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

before filing a motion to compel, and that it worked to specify "precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention." Chambers Ps. R. 3.1 (quoting *Cotracom Commodity Trading Co. v. Seabord Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)). Where requests are overbroad and the moving party has failed to meaningfully narrow them, a motion to compel should be denied. *See, e.g.*, *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012) (denying motion where requests did "not provide sufficient notice of what should be considered responsive material.").

## IV. ARGUMENT

### A. Plaintiffs' Motion is Unnecessary and Premature

Plaintiffs improperly seek judicial intervention to resolve disputes that the parties are better positioned to address through continued negotiation or which, in many cases, have already been mooted by Kaiser's responses and commitments. They also ask the Court to compel responses to a premature contention interrogatory and demand production by an arbitrary deadline long before discovery closes. Rather than compelling responses to Plaintiffs' unfeasible requests, the Court should require Plaintiffs to negotiate in good faith as the law and common sense require.

A motion to compel should be denied where the responding party has already agreed to produce the discovery at issue or has otherwise mooted the dispute through



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

supplemental responses and binding commitments. *See United States v. Harold*, 734 F. Supp. 3d 1102, 1119 (D. Ore. 2024). Kaiser already agreed to supplement its discovery responses to the extent it can find additional responsive information through a reasonable search. *See generally* ECF No. 57-5, Ex. E; *see also* Mot. at 13-14. Indeed, days before Plaintiffs filed their Motion, Kaiser again committed to supplement its responses to Interrogatory Nos. 8 and 9 and "produce responsive materials to the extent they are identified" with respect to Requests for Production Nos. 5, 7, and 9–11, 21, and 23-24. ECF No. 57-5, Ex. E, at 3–6, 8–9. This commitment counsels rejection of Plaintiffs' unnecessary Motion.

Plaintiffs' Motion should also be denied because Plaintiffs have not exhausted the conferral process. Local Civil Rule 37(a)(1) and this Court's Chambers Procedures Rule 3.1 require Plaintiffs to demonstrate that they engaged in a genuine good-faith effort to resolve their discovery disputes before filing a motion to compel. But as detailed above, Plaintiffs refused to meaningfully narrow their requests or await the results of Kaiser's investigation, filing the Motion while the meet-and-confer process was underway and Kaiser was actively supplementing its responses. Kaiser has consistently offered to continue investigating and supplementing its responses and has asked Plaintiffs multiple times to narrow their requests so that Kaiser can define the scope of a reasonable search. *See e.g.*, ECF No. 57-5, Ex. E. But Plaintiffs abandoned that process mid-stream and sought judicial intervention on requests whose scope remains undefined.



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

The case law Plaintiffs cite confirms their Motion is premature. In *Thompson v. Seattle Public Schools*, the court denied a motion to compel because, among other things, the movant unilaterally discontinued the meet-and-confer process before filing the motion. No. 2:25-cv-00468-TL, 2026 U.S. Dist. LEXIS 75939, at *13 –14 (W.D. Wash. Apr. 6, 2026). That is precisely what Plaintiffs here. *See also Laughlin v. Allstate Prop. & Cas. Ins. Co.*, No. 2:22-CV-756-JCC-DWC, 2023 U.S. Dist. LEXIS 36091, at *3–*4 (W.D. Wash. Mar. 3, 2023) (denying motion where defendant was continuing to produce documents).

Plaintiffs' Motion also seeks a premature order compelling a response to a contention interrogatory. *See* Mot. at 2. Interrogatory No. 7 demands that Kaiser identify "all facts" supporting or undermining its hearing aid coverage decisions across the entirety of its subsidiaries' and affiliates' operations. Courts in this Circuit routinely defer responses to such contention interrogatories until the close of discovery, recognizing that compelling complete responses while discovery is ongoing imposes disproportionate burden and risks premature crystallization of positions based on an incomplete record. *See, e.g.*, *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 331, 337–338 (N.D. Cal. 1985).

Moreover, Plaintiffs provide no support for their proposed thirty-day deadline for Kaiser to make "full" productions in response to their overbroad requests. *See* Mot. at 14. Discovery is ongoing and will not close until April 14, 2027. *See* ECF No. 54, at 2. And it is unsurprising that Kaiser's investigation is taking significant time given the topical and temporal breadth of Plaintiffs' requests and the complexity and scope of Kaiser's nationwide operations.



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

**B. Plaintiffs' Requests Remain Overbroad and Unduly Burdensome.**

Even if Plaintiffs had exhausted the conferral process, Plaintiffs' Motion would still fail because their discovery requests are overbroad, unduly burdensome, and disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Purported relevance alone is insufficient to compel production when the burden or expense of discovery outweighs its likely benefit.[5] *See* Fed. R. Civ. P. (b)(2)(C)(iii); *Jensen*, 328 F.R.D. at 560 ("Lawyers must size and shape their discovery requests to the requisites of a case[.]").

Courts in this Circuit consistently deny discovery motions where the movant has, as here, failed to meaningfully narrow its requests. *See, e.g.*, *Sweeney v. ManorCare Health Servs., Inc.*, No. C03-5320 RJB, 2005 U.S. Dist. LEXIS 52624, at *6–7 (W.D. Wash. Sept 23, 2005) (quashing request seeking "any and all" documents related to topic, rather than tailored request); *Becker v. TIG Ins. Co.*, No. 3:21-cv-05185-JHC, 2022 U.S. Dist. LEXIS 193508, at *7 (W.D. Wash. 2022) (refusing to compel responses to overbroad interrogatories); *Cojocaru v. Merck Sharp & Dohme LLC*, No. 24-CV-1770-W-KSC, 2025 U.S. Dist. LEXIS 148451, at *7 (S.D. Cal. Aug. 1, 2025) ("[A]ll-encompassing discovery requests that ask for anything and everything 'relevant' to a given subject are generally overbroad."); *Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) (request

---

[5] Plaintiffs' argument purporting to address Kaiser's "relevance objections" misses the point. *See* Mot. at 7–9. Kaiser has never objected to the requests at issue on the basis that the information sought is entirely irrelevant; rather, Kaiser has pointed out that the overbreadth of Plaintiffs' requests sweeps in vast amounts of irrelevant and cumulative materials that are disproportionate to the needs of this case. *See, e.g.*, ECF No. 57-5, Ex. E, at 2 (challenging the sweeping nature of RFP No. 5).



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

was unduly burdensome where it "ask[ed] opposing parties to produce everything under the sun that relate[d] to th[e] ongoing litigation."). And consistent with that principle, the cases Plaintiffs cite in which courts granted motions to compel all involved the sort of narrowly tailored requests or relief that Plaintiffs have refused to identify here. *See Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 297 (S.D. Cal. 2015) (noting plaintiffs sought data bearing a specific code tied to a specific type of transaction); *Amaraut v. Sprint/United Mgmt. Co.*, No. 3:199-cv-411-WQH-AHG, 2020 U.S. Dist. LEXIS 7558, at *38-39 (S.D. Cal. Jan. 14, 2020) (compelling production of defined list of class members' contact information); *Compass, Inc. v. Nw. Multiple Listing Serv.*, No. 2:25-cv-00766-JNW, 2026 U.S. Dist. LEXIS 124091 at *5-6 (W.D. Wash. June 4, 2026) (compelling defined collections from specific custodian).

Plaintiffs' requests demanding "all documents" relating to broad topics do not meet this standard. None of the requests are sufficiently narrow to permit Kaiser to define the scope of a reasonable search. For example, Interrogatory Nos. 8 and 9 and RFP Nos. 4, 5, and 21 demand identification of every committee, work group, or "similar body" across Kaiser's enterprise that has ever considered hearing aid coverage, together with dates, participants, and materials involved in every such review, without limitation as to time period, region, or line of business. They further demand "all documents" relating to *any* evaluation, study, cost-benefit analysis, or other review of hearing aid coverage or exclusion, qualified by open-ended "including but not limited to" language that provides no meaningful boundary on scope. Interrogatory No. 7 and RFP Nos. 5, 6,



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

7, 9, 10, 14, 23, and 24 demand every document and scrap of information underlying the justification, design, and maintenance of the alleged "Hearing Aid Exclusion," including all documents that "describe, explain, or otherwise relate to" the exclusion. RFP No. 5 alone enumerates thirteen distinct illustrative document categories. Finally, RFP Nos. 11, 19, and 21 demand "all documents," "all drafts," "all communications," and "all reviews" relating to any change or proposed change to hearing aid coverage. As written, Plaintiffs' requests would require Kaiser to search nearly the entirety of its and its affiliates' organizations over a decades-long period to respond in full.

The practical consequence of the requests' overbreadth is that Kaiser cannot define the scope of a reasonable search without first conducting an enterprise-wide investigation to determine what records may exist, where they are maintained, and whether they remain accessible—an investigation that is itself incredibly burdensome. Leff Decl. ¶ 24. Because each geographic market and line of business designed its benefit packages based on distinct regulatory environments, market conditions, and internal processes, Kaiser is not aware of any single repository of documents reflecting the basis for those decisions. *See id.*; ECF No. 57-5, Ex. E, at 4–5. Responding without limitation would require Kaiser to reconstruct the decision-making history of each region's coverage design by identifying and interviewing personnel across dozens of operational divisions. Leff Decl. ¶ 25. Even so, that investigation would likely be incomplete given the decades-long timespan the requests encompass.



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

Plaintiffs' argument that Kaiser's organizational chart and productions to date prove the facility with which it can complete such a search defies common sense. *See* Mot. at 11–12. A high-level organizational chart does not reflect the complexities of an organization with hundreds of thousands of employees across multiple subsidiaries, regions, lines of business, and functional divisions. Likewise, Kaiser's production of plan documents and claims data from centralized repositories proves nothing about the difficulty of identifying documents and data potentially held in an undefined and practically infinite number of other locations. Plaintiffs' citation to *Klein, Inc. v. Bd. of Trs. of the Alaska Elec. Health & Welfare Fund*, No. 3:16-cv-00098-SLG, 2017 U.S. Dist. LEXIS 219627 (D. Alaska Dec. 21, 2017), does nothing to advance their point. Mot. at 11. That case overruled the producing party's possession objection. *See* 2017 U.S. Dist. LEXIS 219627, at *5–6. Kaiser is not withholding any documents based on such an objection.

Plaintiffs' limited narrowing to date deserves little credit. *See* Mot. at 14. Plaintiffs' offer to narrow the time period to when the "Hearing Aid Exclusion" was first adopted, when hearing aid coverage was implemented, the period around ACA implementation, and from 2022 to the present, *see* ECF No. 57-2, Ex. B, at 2–3, does almost nothing to limit the temporal scope given that coverage decisions may have been made at any time across thousands of plans. Moreover, Plaintiffs' Motion and Proposed Order would have this Court order productions in response to their overbroad requests without even the limited narrowing Plaintiffs offered during the meet-and-confer process.



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

Even were it otherwise warranted, the relief Plaintiffs seek is impossible for Kaiser to provide or for the Court to enforce. *See* Mot. at 14 ("[T]h[e] Court should compel Defendant to fully respond to Interrogatory Nos. 7–9 and Requests for Production Nos. 4–7, 9–11, 14, 19, 21, 23, and 24."). Plaintiffs' proposed order would compel production of a wholly undefined set of documents, and a court order cannot meaningfully direct compliance with a production obligation of no defined scope. *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012) (refusing to compel where requests that "d[id] not provide sufficient notice . . . of what should be considered responsive material.").

## V. CONCLUSION

For the reasons set forth above, the Court should deny the Motion.



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

DATED: August 21, 2026.

*I certify that the foregoing contains 4,188 words, in compliance with the Local Civil Rules.*

OGDEN MURPHY WALLACE, PLLC

*/s/ J. Derek Little*
J. Derek Little, WSBA No 40560
Medora A. Marisseau, WSBA No. 23114
701 Fifth Ave., Ste 5600
Seattle, WA 98104
Tel. (206) 447-7200
Fax: (206) 447-0215
dlittle@omwlaw.com
mmarisseau@omwlaw.com

CROWELL & MORING LLP
Andrew Holmer (Admitted *Pro Hac Vice*)
Jason Murray (Admitted *Pro Hac Vice*)
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Tel. (213) 622-4750
Fax. (213) 622-2690
jmurray@crowell.com
aholmer@crowell.com

Daniel Leff (Admitted *Pro Hac Vice*)
600 Fifth Street, NW
Washington, D.C. 20001
Tel. (202) 624-2500
Fax: (202) 628-5116
dleff@crowell.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF System that in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

| | |
|---|---|
| Eleanor Hamburger<br>Richard E. Spoonemore<br>Jeremiah Miller<br>Ari Robbins Greene<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 Western Avenue Ste 350<br>Seattle, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>ehamburger@sylaw.com<br>rspoonemore@sylaw.com<br>jmiller@sylaw.com<br>arobbinsgreene@sylaw.com<br>*Attorneys for the Plaintiffs* | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☒ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |
| Anna P. Prakash<br>Brock J. Specht<br>NICHOLS KASTER, PLLP<br>80 S. Eighth Street, Suite 4700<br>Minneapolis, MN 55402<br>877-344-4628<br>aprakash@nka.com<br>bspecht@nka.com<br>*Attorneys for the Plaintiffs* | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☒ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |
| Andrew Holmer<br>Jason Murray<br>Daniel Leff<br>Samuel H. Ruddy<br>515 South Flower Street, 41st Floor<br>Los Angeles, CA 90071<br>Phone: 213-622-4750<br>aholmer@crowell.com<br>JMurray@crowell.com<br>DLeff@crowell.com<br>SRuddy@crowell.com<br>*Co-Counsel for Defendant* | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☒ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680

DATED this 21st day of August, 2026.

*<u>/s/ Chris Hoover</u>*
Chris Hoover, Legal Assistant



CROWELL & MORING LLP
515 S. FLOWER ST., 41ST FL.
LOS ANGELES, CA 90071
TEL. (213) 622-4750 FAX (213) 622-4680