UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON M. DELESSERT and CAROLINE CUMMINS, on their own behalf, and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendant. | CASE NO. 2:24-cv-02087-JNW<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |

Plaintiffs move to compel Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") to respond to Interrogatory Nos. 7–9 and Requests for Production ("RFP") Nos. 4–7, 9–11, 14, 19, 21, 23, and 24, and ask the Court to set a date for compliance. Dkt. No. 55. Kaiser opposes. Dkt. No. 59. On reply, Plaintiffs limited the motion, which initially sought complete responses, to the requests as narrowed in their July 16, 2026 letter. Dkt. No. 61 at 5 n.2; Dkt. No. 57-2. At oral argument on November 23, 2026, Plaintiffs confirmed that this narrowed scope is what they want.

A party may move to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B). Once the movant shows relevance, the resisting party "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Thompson v. Seattle Pub. Schs.*, No. 2:25-cv-00468-TL, 2026 WL 926162, at *1 (W.D. Wash. Apr. 6, 2026) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)). Objections not defended in opposing the motion are waived. *Id.* Proportionality, however, remains a "collective responsibility" of the parties and the Court. Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

This motion is neither premature nor moot. The parties held nine discovery conferences, three of them devoted to these requests. Dkt. No. 57 ¶¶ 2–7. Plaintiffs satisfied LCR 37(a)(1). *Thompson* is not comparable; the movant there stopped conferring after a single conference. 2026 WL 926162, at *4–5. Nor does Kaiser's ongoing production moot the motion. Kaiser has continued to produce documents and data since the motion was briefed, and nothing in this order suggests otherwise. But continued production does not resolve the parties' live disputes over the scope of the requests and the validity of Kaiser's objections, and Kaiser's commitments to produce documents "to the extent they are identified" leave the reach of its obligations unsettled. *See, e.g.*, Dkt. No. 57-5 at 6. A defined scope and a firm schedule will give both parties certainty as discovery moves toward its close.

Kaiser defends only its overbreadth and burden objections. Dkt. No. 59 at 17–21. Kaiser has dropped its objection to class-wide discovery and its categorical possession, custody, or control objection, Dkt. No. 57 ¶ 5, and it disclaims any argument that the information sought is irrelevant, Dkt. No. 59 at 17 n.5.

Kaiser's overbreadth objection has force against the requests as written, some of which seek every document that "otherwise relate[s] to" a broad subject. But it fails as to the narrowed requests. A burden objection must be stated with specificity, and Kaiser alone has the information needed to support it. Yet five months after receiving the narrowed requests, Kaiser offers only a declaration from its outside counsel. It describes a decentralized structure but does not estimate the volume of responsive material, the time or cost of producing it, or where the records are kept. *See* Dkt. No. 60. Kaiser, meanwhile, has already produced plan documents, claims data, and clinical review criteria from every region in which its affiliates operate. *Id.* ¶¶ 6–13. The narrowed requests go to the heart of Plaintiffs' claim and to class certification and are proportional to the needs of the case.

Kaiser's argument that Interrogatory 7 is a premature contention interrogatory also fails. The interrogatory is limited to the class period and to Kaiser's own stated justifications and contention interrogatories are permitted. Fed. R. Civ. P. 33(a)(2).

At oral argument, Kaiser stated that it intends to use search terms to locate responsive documents, and that Plaintiffs have declined to propose terms, as is their right. Kaiser may develop and apply its own terms. But the parties would benefit

from working together, and a search conducted without Plaintiffs' input invites later disputes about its adequacy.

Finally, Plaintiffs served these requests on August 13, 2025. Dkt. No. 56-1 at 22. The Rules ordinarily allow 30 days to respond, and Kaiser has had the narrowed requests since June 17, 2026. Thirty days to complete its responses and production is reasonable.

Accordingly, the motion, Dkt. No. 55, is GRANTED IN PART as follows:

1. Kaiser must respond to the requests listed above as narrowed in Plaintiffs' July 16, 2026, letter. Dkt. No. 57-2. Responses are limited to:
    a. documents and information from (i) the period when the hearing aid exclusion was first adopted in each region or, alternatively, when hearing aid coverage was first added to Kaiser plans; (ii) the period of the Affordable Care Act's implementation; and (iii) January 1, 2022, to the present; and
    b. documents broadly applicable to plan participants and used generally by plans, as opposed to individual claims materials or one-off employee communications. Dkt. No. 57-2 at 3–4.
    c. The periods in ¶ 1.a do not apply to requests that carry their own time limits: RFP 11 covers January 1, 2019, to the present, RFP 19 covers January 1, 2020, to the present, and Interrogatory 7 covers the class period. RFP 7 is limited to its terms as served; documents concerning the administration or maintenance of the exclusion and

Kaiser's decision to cover cochlear implants and bone-anchored hearing aids fall within RFPs 9 and 14.

2. Within 30 days of this Order, Kaiser MUST:

    a. serve amended RFP responses that comply with Rule 34, identifying by Bates range the documents already produced in response to each request and stating whether any responsive material is being withheld;

    b. serve a complete, verified answer to Interrogatory 7 and verified supplemental answers to Interrogatories 8 (in compliance with Rule 33(d)) and 9; and

    c. complete its production.

3. If Kaiser uses search terms to locate responsive documents, it must disclose the terms used to Plaintiffs. The parties are encouraged to confer about search terms and to use the Court's Model ESI Agreement as a guide. *See* LCR 26(f); *see also* Dkt. No. 23 at 8. But agreement is not a precondition to Kaiser's compliance with this order, and conferral does not extend its deadlines. Any dispute over the adequacy of Kaiser's search may be raised through the meet-and-confer process and, if necessary, under LCR 37.

4. Kaiser must serve a privilege log within 14 days of any production from which it withholds documents.

5. The motion is DENIED to the extent it seeks responses to the requests as originally served.

6. No expenses are awarded.

Dated this 23rd day of November, 2026.

Jamal N. Whitehead
United States District Judge